UNITED STATES ex rel. CUNNINGHAM v. MATHUES, United States Marshal.

No. 3857.

Circuit Court of Appeals, Third Circuit.

June 13, 1930.

For former opinion, see 33 F.(2d) 261, which reversed 26 F.(2d) 272.

Ruby R. Vale, of Philadelphia, Pa., for appellant.

Howard Benton Lewis, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

After the opinion of this court was filed, 33 F.(2d) 261, the case of Barry v. United States ex rel. Cunningham, 279 U. S. 597, 49 S. Ct. 452, 454, 73 L. Ed. 867, was decided. Thereupon the government, conceiving that our decision was at variance with the holdings of the Supreme Court in that case, moved a rehearing be had. The motion was granted, and such rehearing was given. On due consideration the members of the court adhere to their views already expressed in the opinion and the dissent heretofore filed. We therefore confine the present opinion to a brief statement of why we do not regard the Barry Case as ruling the present one. The indictment in the present case in the federal court for the District of Columbia concerns solely what had already taken place before a committee of the Senate. When Cunningham refused to answer the questions propounded by that committee, his crime of contempt, if such it be, was complete, and for that completed crime he was

412

indicted. As his entire acts were set forth in the indictment, the court, on the application for removal, was required to determine whether probable cause was shown. On that question we held the lack of probable cause was shown, in that the inquiry made of Cunningham was not pertinent, because no power had been conferred by the Senate on this committee to make such inquiry.

On the other hand, the case of Barry v. United States ex rel. Cunningham, supra, as held by the Supreme Court, concerned what took place afterwards, namely the action of the Senate in attaching Cunningham and bringing him before it "then and there or elsewhere as it may direct, to answer such questions pertinent to the matter under inquiry as the Senate, through its said Committee, or the President of the Senate, may propound," etc. It will thus be seen that, so far as questions to Cunningham are concerned, the indictment in the present case concerned questions already asked and refused to be answered, while the Barry Case concerned questions to be asked in the future. In deciding the case before it, the Supreme Court explicitly stated what it did and what it did not decide, namely:

"We must accept this unequivocal language as expressing the purpose of the Senate to elicit testimony in response to questions to be propounded at the bar of the Senate, and the question whether the information sought to be elicited from Cunningham by the committee was pertinent to the inquiry which the committee had been directed to make may be put aside as immaterial.

"It results that the following are the sole questions here for determination: (1) whether the Senate was engaged in an inquiry which it had constitutional power to make; (2) if so, whether that body had power to bring Cunningham to its bar as a witness by means of a warrant of arrest; and (3) whether, as a necessary prerequisite to the issue of such warrant of arrest, a subpœna should first have been served and disobeyed."

This question of the pertinency of those questions, which the Supreme Court thus stated it did not pass upon, is the very question which we did then pass upon and which we are now constrained to pass upon in the present case. Adhering, as we have said, to the respective views heretofore held on that question, we adhere to our previous opinion, and, in doing so, we do not, in our view, disregard the holdings of the Supreme Court.

For former opinion, see 42 F.(2d) 965.